UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. GONZALEZ, | 1:06-cv-01421-AWI-SMS (PC) |
|         Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
|    v. | |
| DARRELL G. ADAMS, et al., | |
|         Defendants. | (Doc. 11) |
| | RESPONSE DUE WITHIN 30 DAYS |

**I.     SCREENING ORDER**

Michael A. Gonzalez ("Plaintiff") is a state prisoner proceeding pro se. The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on October 13, 2006. (Doc. 1.) Plaintiff filed an amended complaint on March 23, 2007. (Doc. 11.) Plaintiff's amended complaint is presently before the Court for screening.

    **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Summary of Plaintiff's Complaint

Plaintiff is currently a state prisoner at the California Substance Abuse and Treatment Facility ("CSATF") at Corcoran, California, where the acts he complains of occurred. Plaintiff names as defendants: Darrell G. Adams, Warden of CSATF; Edward S. Alameida, former Director of the California Department of Corrections and Rehabilitation ("CDCR"); Edgar Castillo, Chief Medical Officer ("CMO") of CSATF; Doctors D. Deering and Snow; Troy Dulay and Wright, Medical Technical Assistants ("MTA") at CSATF; Senior MTA D. Overly; Correctional Officer ("C/O") Diaz; Kenny and Narvez, Supervising Cook I at CSATF; Does 1 through 5 of the CDCR's Health Care Services Division; Does 6 through 8, head physicians; Does 9 through 13, radiologists and radiology assistants; and Does 14 through 50.

Plaintiff alleges that on March 2001, he was assigned to work detail in the dining room of CSATF D Facility. Plaintiff had told Diaz, Kenny, Narvez, and certain Does that inmates were working in hazardous conditions, namely the slippery floors. Plaintiff informed them that slip resistant footwear and slip-resistant mats should be used for workplace safety. Diaz, Kenny, Narvez, and certain Does did not act to alleviate this workplace hazard. (Doc. 11, pp. 7-7.)

On August 4, 2001, while working in these conditions, Plaintiff slipped, breaking his leg and severely gashing his lip. Kenny and Diaz sent Plaintiff to the medical clinic. Dr. Deering examined Plaintiff and sutured Plaintiff's lip. Plaintiff informed Dr. Deering of the great pain in his foot/leg and stated the possibility of a broken bone. Deering, without objective evaluation of the area, called it a sprain. Plaintiff asked for pain medication, an x-ray to rule out a broken bone, and a walking device. Dr. Deering refused to order any of these items. Plaintiff's pain increased over the evening. On August 5, 2001, Plaintiff visited the medical clinic, approached

Wright, and demanded to see a physician. Wright provided Plaintiff with a wheelchair, and told Plaintiff to return the next day. (Doc. 11, pp. 8-9.)

On August 7, 2001, Plaintiff returned to the medical clinic. Dr. Snow examined Plaintiff's leg by roughly and forcefully grabbing, pulling, and twisting Plaintiff's foot and toes. She insisted that it was not a break but a sprain. Dr. Snow told Plaintiff to move his foot and stop being a baby. Plaintiff reacted by angrily cursing at Dr. Snow, at which point she removed him from the clinic and made him wait last. Dr. Snow never recalled Plaintiff for evaluation, but did order an x-ray for Plaintiff. Dulay and Wright, both present at Snow's interaction with Plaintiff, did not give him pain medication, but informed Plaintiff that he could appeal Snow's conduct. (Doc. 1, pp. 10-11.)

On August 8, 2001, Plaintiff asked to be x-rayed. Wright informed Plaintiff that the x-ray machine was not operational at the time. On August 9 and 10, Plaintiff was informed again that the x-ray machine was not operational. On August 11, 2001, Plaintiff insisted that he see a doctor or have an x-ray performed. Wright informed Plaintiff that the x-ray technician was not there. Plaintiff then barricaded himself in the medical clinic and demanded that a sergeant come to resolve this problem. The on-duty sergeant arrived and arranged for Plaintiff's escort to the CSATF CTC. (Doc. 1., pp. 11-12.)

Dr. Deering at the CTC examined Plaintiff's leg. Upon observing Plaintiff's severely swollen, bruised, and discolored leg, Dr. Deering ordered Plaintiff specially transferred to Corcoran Community Hospital for x-rays. The radiology report confirmed that Plaintiff had broken his leg. Plaintiff was returned to CSATF CTC, where Dr. Deering constructed a one-half cast for Plaintiff's leg. Plaintiff received pain medication on August 13, 2001. (Doc. 1, pp. 12-13.) Plaintiff alleges a deliberate indifference to a serious medical need, a failure to provide safety, and a failure by supervisory personnel to properly train, supervise, or discipline. Plaintiff seeks monetary damages.

///

///

**C.      Pleading Requirements**

### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff names many Does in his complaint, but does not link them to any allegedly unconstitutional acts or omissions. If Plaintiff intends to pursue claims against staff or personnel whose names he does not know, he must identify them with as much detail as possible and link them as Doe Defendant (e.g., "Doe 1") to the offending allegations. Generally naming Does without linking them to any offending allegations is insufficient to place any subsequently identified Defendants on notice as to what actions (or inactions) Plaintiff feels they engaged in that violated Plaintiff's constitutional rights. Plaintiff does not have to set forth lengthy allegations, but must link all persons he intends to pursue as Defendants to the offending allegations and identify more precisely the basis for the imposition of liability, as set forth herein.

///

///

///

**D.     Claims for Relief**

    **1.** *Failure to Protect/Safety*

Plaintiff alleges that he warned Defendants Kenny, Diaz, Narvez, and certain Does of the dangerous work environment in the dining room. Defendants' failure to do anything led to Plaintiff's injury.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

An Eighth Amendment violation arising from a prison safety hazard requires Plaintiff to show the existence of a threat to his safety and an additional condition exacerbating that threat. Morgan, 465 F.3d at 1047. Plaintiff alleges that Defendants Narvez, Kenny, Diaz, and certain Does exposed him and other inmates to unnecessary danger by not providing slip-resistant floor mats or shoes for the workers in the dining room, despite Plaintiff's repeated warnings to them about the potential for injury due to the severely slick floors. These allegations are sufficient to support an Eighth Amendment claim. Id. (requiring an inmate to continue working after being placed on notice as to a dangerous condition that subsequently leads to the inmate's injury states a claim under the Eighth Amendment).

    **2.** *Deliberate Indifference to a Serious Medical Need*

Plaintiff alleges that Defendants failed to provide Plaintiff with adequate medical care for his broken leg. "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that the doctors did not treat his broken leg properly. Defendant Deering initially diagnosed it as a sprain. Plaintiff stated that he was in great pain, and requested pain medication, x-rays, and a walking device, but Defendant Deering did not provide Plaintiff with anything. Plaintiff's allegation that he told Defendant Deering he was in intolerable pain, but Defendant failed to do anything for Plaintiff's leg injury is sufficient to state a cognizable claim against Defendant Deering.

Defendant Snow also initially diagnosed Plaintiff's injury as a sprain. Prior to the completion of her examination, Defendant Snow removed Plaintiff from the medical clinic because of a verbal exchange between the two. Plaintiff waited last in line for evaluation, but Defendant Snow did not see Plaintiff again. Defendant Snow ordered an x-ray but the x-ray

7

machine was not functional. Plaintiff's allegation that Defendant Snow failed to provide any treatment beyond ordering an x-ray despite being told by Plaintiff that his leg was extremely painful and broken is sufficient to state a cognizable claim against Defendant Snow.

Plaintiff also names Dulay and Wright as Defendants. Plaintiff alleges that they did not provide substantive medical assistance regarding Plaintiff's injury. Plaintiff's allegations against Defendants do not rise to the level of deliberate indifference to a serious medical need. Although Plaintiff faults Defendants Dulay and Wright for failing to intervene and prevent Defendant Snow's abuse, they were MTAs and there is no basis for inferring that they had any control over Defendant Snow, who as a physician held the superior position. Plaintiff's allegations do not support a claim that Defendants Dulay and Wright knew of and disregarded an excessive risk to Plaintiff's health.

### 3. *Supervisory Liability*

Plaintiff names Defendants Warden Adams, former Director Alameida, CMO Castillo, Does 1 through 5 of the CDCR's Health Care Services Division, Senior MTA Overly, and Does 6 through 8, head physicians, each of whom holds a supervisorial position. "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Plaintiff has not alleged any facts indicating that the above named Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted). Therefore, Plaintiff fails to state a cognizable claim against them.

///

///

## II. **CONCLUSION**

Plaintiff states cognizable claims against Defendants Kenny, Diaz, Narvez, Deering, and Snow, but fails to state any other cognizable claims. The Court will grant Plaintiff leave to file a second amended complaint within thirty days.

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against Defendants Kenny, Diaz, Narvez, Deering, and Snow, Plaintiff may so notify the Court in writing. The Court will then issue a Findings and Recommendations recommending that Defendants Adams, Alameida, Castillo, Dulay, Wright, Overly, and Does 1 through 50 be dismissed from this action, and will forward Plaintiff five summonses and five USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff chooses to file a second amended complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   January 29, 2009**                   /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE