IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL L. GONZALEZ, | ) | 1:06-cv-01421-AWI-SMS-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | ) ) | (Doc. 13.) |
| DARRELL G. ADAMS, et al., | ) ) | OBJECTIONS, IF ANY, DUE IN THIRTY |
| Defendants. | ) ) | DAYS |

On January 29, 2009, the court issued an order giving plaintiff two options, to file a second amended complaint or to notify the court of his willingness to proceed with the claims found cognizable by the court, within thirty (30) days. The thirty (30) day period has now expired, and plaintiff has not filed a second amended complaint or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

///

1

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than two years. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by either submitting an amended pleading making the clarifications required by the Court or by notifying the court of his willingness to proceed on the claims found cognizable by the Court. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Gonzalez's failure to set forth clear claims in the first instance and to respond to the Court's order in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Gonzalez is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on plaintiff's failure to obey the court's order of January 29, 2009.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.

| | |
|---|---|
| 1 | Such a document should be captioned "Objections to Magistrate Judge's Findings and |
| 2 | Recommendations."  Plaintiff is advised that failure to file objections within the specified time may |
| 3 | waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 4 | IT IS SO ORDERED. |
| 5 | **Dated:   March 19, 2009**                           /s/ Sandra M. Snyder |

                                              UNITED STATES MAGISTRATE JUDGE